THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK v. THE NEW JERSEY ASPHALT COMPANY ET AL.

Submitted July 5, 1902—Decided November 10, 1902.

1. Every plea pleaded in bar to the whole action must contain such averments as, if true, will entirely defeat the action.
2. Where a contract does not make the certificate of the engineer or superintendent of works conclusive as to the performance of the

work in a workmanlike manner, nor as to the fact that the materials used were according to the contract, but only makes the obtaining of such certificate one of the things which the contractor must do to secure his payments, the fact that such certificate has been obtained by the contractor is no bar to an action for damages founded upon alleged breaches of the condition of a bond to indemnify a city against bad or defective workmanship done or materials furnished under the contract.

3. In a suit for damages upon a bond given as indemnity against defective work under a contract with a city for paving a street, a plea in bar which simply alleges that the city has accepted and paid for the work is not good. To be a complete bar to the whole action made by the declaration, it must allege that the plaintiff, the mayor and common council, accepted and paid for said work, before suit brought, with knowledge of the facts alleged as breaches in the declaration.

4. A surety upon a bond thus given can only be released by some positive act done by the plaintiff, to the prejudice of the surety, as acceptance and payment, with knowledge, would be, or some negligent act which will imply connivance amounting to fraud.

5. The payment by a city for work accepted by it, under an honest belief that it was done in the manner required by the contract, will not release a surety.

On demurrer to pleas.

Before Gummere, Chief Justice, and Justices Van Syckel, Fort and Garretson.

For the demurrer, *Herbert Boggs* and *Neilson Abeel.*

For the defendants, *John R. Hardin.*

The opinion of the court was delivered by

Fort, J. On the 28th day of June, 1897, the New Jersey Asphalt Company entered into a contract with the city of Newark to pave Milford avenue in said city. On the same day they gave bond for the performance of the contract, with the defendants Daniel Marx and Jacob Walter as sureties thereon.

The contract provided for the kind and quality of material to be used, the method of doing the work and the time of completing the same, and contained the following clauses:

"(*A*) The whole work to be done and completed in a workmanlike manner, and to the satisfaction and approval of the said engineer or the general superintendent of works of the board of street and water commissioners.

"(*B*) Payments to be made monthly, on the certificate of the engineer and general superintendent of works of the board of street and water commissioners of the city of Newark; the party of the first part [the city] retaining twenty-five per cent. of the monthly estimates until the work has been fully completed and accepted and the final estimate ordered paid by the said board of street and water commissioners of the city of Newark."

The recitals in the bond sued upon set out the fact of the entry into the contract to pave Milford avenue "with sheet asphalt pavement upon a six (6) inch concrete foundation, using asphalt mined from the pitch lake on the island of Trinidad," and specifically recites the clause of the contract designated as *A*, above set out. The condition of the bond is as follows:

"Now, therefore, the conditions of the above obligation are such that if the said New Jersey Asphalt Company shall well and truly keep, perform and fulfill in all things said contract and all the covenants, agreements and requirements therein contained by it to be kept, performed and fulfilled, or binding upon it, according to the true intent and meaning thereof, and shall pay to the said 'The mayor and common council of the city of Newark,' their successors or assigns, all penalties incurred by it, as in said contract provided, and all sum or sums of money which they, the said 'The mayor and common council of the city of Newark,' their successors or assigns, may pay or expend for fully completing said work over and above the amount which it would have been entitled to receive had it completed the work under said contract according to the terms and conditions thereof, and any difference between the sum to which it would have been entitled upon the completion of said contract and that which the said 'The mayor and common council of the city of Newark,' their successors or assigns, shall be obliged to pay to the person or persons

by whom such contract shall be executed, and all loss or damage which may result to the said 'The mayor and common council of the city of Newark,' their successors or assigns, by reason of the omission, failure, neglect or refusal of it, the said New Jersey Asphalt Company, to commence, prosecute or complete said work, as in said contract provided, without any fraud or other delay, then said above obligation to be void, or else to be and remain in full force and virtue."

The declaration recites the execution of the contract (though it does not annex it), and recites the giving of the bond and the statements therein and conditions thereof and annexes a copy thereof to the said declaration, and then avers as follows:

"And the said plaintiff further saith that, by the said contract or agreement in the condition of said writing obligatory mentioned, which said contract or agreement the said plaintiff now brings hereto into court, the said New Jersey Asphalt Company did agree with the said plaintiff, for the consideration mentioned therein and under the penalty expressed in said writing obligatory, of even date with said contract or agreement, to furnish, at its own proper cost and expense, all the necessary labor and material, except as in said contract or agreement otherwise provided, which might be required to pave Milford avenue, in said city of Newark, from Clinton avenue to Alpine street, with sheet asphalt pavement upon a six (6) inch concrete foundation, using asphalt mined from the pitch lake on the island of Trinidad, together with all appurtenances necessary to complete the same, in accordance with the plans on file in the office of the engineer of the board of street and water commissioners of the said plaintiff, and the specifications in said contract contained and set forth."

Then follows an averment of performance on the plaintiff's part and allegations of breaches on the part of the New Jersey Asphalt Company, as follows: (1) That it has not furnished necessary labor and material to pave with sheet asphalt pavement upon a six-inch concrete foundation; (2) it has not completed the work in a good and workmanlike manner, but (3) that it did furnish poor, improper, imperfect and unsatis-

factory material, so that said pavement was laid in an unskill-ful, slight, weak, imperfect, inartificial and unworkmanlike manner. Other breaches in special counts are—(1) that the binder and wearing surface of the pavement together are not, as furnished and completed, three and one-half inches in thickness, as required by the contract; (2) that there was less than nine per centum bitumen and petroleum residuum solu-ble in carbon bisulphide contained in the wearing surface of said pavement.

The pleas filed are—

1. *Non est factum.*

2. *Non damnificatus.*

3. That the New Jersey Asphalt Company did furnish all the necessary labor and material required to pave with sheet asphalt upon a six-inch concrete foundation, in accordance with the plans and specifications, and in a good, workmanlike and substantial manner, in accordance with the contract.

4. *Actio non,* "because they say that it was in and by the said contract referred to in the said writing obligatory in the said declaration mentioned, a copy of which said contract is annexed hereto and made a part hereof, to which reference is hereby made for the terms thereof, provided that the whole work therein contracted for should be done and completed in a workmanlike manner, and to the satisfaction and approval of the engineer or general superintendent of works of the board of street and water commissioners of said plaintiff, and these defendants say that the whole work under said contract was, in fact, so done and completed, and was approved by both the said engineer and said general superintendent of works of the board of street and water commissioners of said plaintiff, to wit, on the fourteenth day of October, eighteen hundred and ninety-seven, and so these defendants Daniel Marx and Jacob Walter say that, if the said plaintiff has been at all damnified by reason of the matters and things in the assignment of breaches of the said writing obligatory in said declaration set forth, the said plaintiff has been so damnified of its own wrong and by and through its own means and default, and this these defendants are ready to

verify; wherefore they pray judgment if the said plaintiff ought to have or maintain its aforesaid action thereof against them."

5. *Actio non,* "because they say that the entire work by the said New Jersey Asphalt Company done under the said contract referred to in the said writing obligatory mentioned in the said declaration, and of which said contract a copy is hereunto annexed and made a part hereof, to which reference is hereby made for the terms thereof, was accepted and paid for by the said plaintiff, in accordance with the terms of said contract, whereby these defendants were discharged and exonerated from liability on said writing obligatory, and this these defendants are ready to verify; wherefore they pray judgment if the said plaintiff ought to have or maintain its aforesaid action thereof against them."

The first, second and third pleas conclude to the country. The fourth and fifth are pleas in bar, concluding with a verification and a prayer for judgment if the plaintiff should have action against them.

The demurrer is to the last two pleas.

Every plea pleaded in bar to the whole action must contain such averments as, if true, will entirely defeat the action. *Newark* v. *Stout,* 23 *Vroom* 35 (at *p.* 45); *Lord* v. *Brookfield,* 8 *Id.* 552; *Grafflin* v. *Jackson,* 11 *Id.* 440.

We think the fourth plea is bad. The averment in this plea, that the whole work, under the contract, was, in fact, done and completed in a workmanlike manner and to the satisfaction and approval of the engineer or general superintendent of works, is not sufficient, if true, to defeat the action. The work may have been done in a workmanlike manner, and such workmanship may have been approved by the engineer and general superintendent of works, but that fact, if true, would not bar the right of the plaintiff to recover for the failure to use the kind and quality of materials required by the contract, or for the non-compliance with the requirements of the contract for the construction of the binder and wearing surface of the pavement in the manner required by the contract, where such failure to so perform and such

non-compliance with the contract are assigned as breaches in the declaration. The contract does not make the certificate of the engineer or general superintendent conclusive upon the question of the fulfillment of the contract according to its terms. The obtaining of the certificate of approval from one of those officials is only one of the things which the contractor must do to secure his payments. He must also do the other things required by his contract in order to entitle the sureties to a discharge from their guarantee or indemnity.

Nor would this plea have been good if it had concluded to the country. Such a plea must traverse the whole declaration and cover all the breaches assigned. The condition of the bond was to perform certain particular acts and to do certain work, of a designated quality, in a certain specified way; the declaration assigned breaches, alleging a failure so to do the work so conditioned to be done; and a plea alleging the performance of some of the alleged breaches is not a good traverse of the declaration. *Dime Savings Institution* v. *American Surety Co., ante p.* 410.

The fifth plea we think bad, for two reasons:

*First.* It contains no allegation that the plaintiff accepted and paid for the work, in accordance with the contract, *before the commencement of the suit.*

*Second.* Mere averment of acceptance and payment by the plaintiff in accordance with the terms of the contract is not enough.

The plaintiff's declaration alleges defective work, from which loss and damage have resulted to it. This is an action for breach of contract based upon such defective work done and paid for under the contract.

A plea of mere acceptance and payment to such a declaration is not good. The plea, to be a complete bar, must go further and allege that the plaintiff accepted and paid for such work before suit brought, with knowledge of the facts alleged as breaches in the declaration. A surety on such a bond as the one here sued upon can be released only by some positive act done by the plaintiff to the prejudice of the surety, as acceptance and payment with knowledge would be,

or some negligent act which will imply connivance amounting to fraud. The payment by a city on work accepted by it under an honest belief that it was done in the manner required by the contract will not release a surety.

Prejudicial action or fraud will not be inferred where no facts appear to justify it. *Newark* v. *Stout, 23 Vroom* 35 (cases cited at *p.* 47).

The demurrers to the fourth and fifth pleas are sustained, with costs, and with leave to amend the fifth plea as here suggested, if desired.